**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED
2020 JUN 15 A 11: 19
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **KAYLA BOAZ, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.:   2:20-cv-00409 |
| | ) | |
| **WALMART, INC., a corporation,** | ) | **DEMAND FOR TRIAL BY JURY** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, KAYLA BOAZ, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

## JURISDICTION

1.   A controversy exists between Plaintiff and Defendant involving more than Seventy-Five Thousand Dollars. ($75,000.00).

2.   Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. 1332).

## STATEMENT OF PARTIES

3.   Plaintiff, KAYLA BOAZ, is an individual over the age of nineteen (19) years who resides in Elmore County, Alabama.

4.   Defendant, WALMART INC., is incorporated in the State of Delaware, with its principal place of business in Arkansas. At the time of the incident made the

1

basis of this action, this Defendant was doing substantial business in Alabama, specifically, in Elmore County, Alabama.

## FACTUAL ALLEGATIONS

5. The Plaintiff adopts and incorporates paragraphs one (1) through four (4) as if fully set out herein.

6. On or about August 5, 2018, Plaintiff Kayla Boaz was a business invitee on the premises of Walmart Inc. (hereinafter collectively "Defendant") located in Millbrook, Elmore County, Alabama.

7. On said date and place, Plaintiff was caused to slip and fall on water leaking from a nearby refrigerator/cooler, thereby causing her serious personal injuries.

8. As a direct and proximate consequence of the incident described in paragraph nine (7), above, Plaintiff, Kayla Boaz, was caused to suffer personal injuries and damages.

## COUNT ONE
## NEGLIGENCE/WANTONNESS

9. Plaintiff adopts and incorporates paragraphs one (1) through eight (8) as if fully set out herein.

10. The Plaintiff alleges that on said date and at said place, the Defendant negligently maintained the area where the Plaintiff was injured and negligently

2

failed to insure safe and hazard-free premises in the area where the Plaintiff was injured.

11. The Plaintiff further alleges that the Defendant, had a duty to provide a safe, secure and hazard-free establishment for patrons on said premises.

12. The Plaintiff further alleges that the Defendant was negligent or wanton in its maintenance of the area where the Plaintiff fell, and that the Defendant's negligence or wantonness rendered said area a hazard and created an otherwise dangerous condition for individuals, including the Plaintiff.

13. The Plaintiff further alleges that the Defendant, negligently or wantonly caused or allowed a dangerous condition to exist on said premises and failed to warn the Plaintiff or other members of the public about such dangers.

14. Defendant acted negligently or wantonly in breaching its duty and failing to provide a hazard-free environment for its invitees.

15. Plaintiff also alleges that at the time of the above alleged negligent or wanton acts, all agents/servants/employees of Defendant were acting at the direction of Defendant, and/or their acts were ratified by Defendant. Accordingly, Defendant is liable to the Plaintiff for the negligent or wanton acts of its agents/servants/employees under the doctrine of *respondeat superior* and/or master-servant relationship.

3

16. The Plaintiff further alleges that as a direct and proximate result of aforesaid negligence or wantonness on the part of the Defendant, the Plaintiff, Kayla Boaz, was proximately caused to suffer the following injuries and damages:

    a. She was caused to suffer immense physical pain and mental anguish;

    b. She was permanently injured;

    c. She was prevented from going about her normal activities;

    d. She was caused to incur medical expenses to treat and cure her injuries, and will be caused in the future to expend sums of money for medical expenses; and

    e. She was caused to be injured and damaged, all to her detriment.

17. Plaintiff avers that on said occasion, the negligence or wantonness of Defendant, combined and concurred to cause the Plaintiff to be injured and suffer damages as set forth herein.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, and the costs of the proceeding. The Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendant's wrongful acts and which will deter and/or prevent other similar or wrongful acts.

## COUNT TWO
## NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION

18. The Plaintiff adopts and incorporates paragraphs one (1) through seventeen (17) as if fully set out herein.

19. Plaintiff alleges that Defendant owed a duty to its patrons and business invitees (i.e. customers) to hire employees who would not cause or contribute to injury of said customers, but instead use ordinary care to maintain and operate reasonably safe premises.

20. Plaintiff further alleges that the Defendant owed a duty to its customers to properly train employees in such a manner as to prevent customer injuries such as those sustained by the Plaintiff.

21. Plaintiff further alleges that the Defendant owed a duty to its customers to properly train and supervise its employees in such a manner as to prevent conduct or omissions by said employee(s) that could or would cause injuries to customers such as those sustained by the Plaintiff.

22. Plaintiff alleges that the Defendant failed to properly hire employees that would not engage in behavior that would result in, or contribute to, customer injuries. Plaintiff further alleges that the Defendant failed to properly train and/or supervise these same employees in such a manner as to prevent customer injuries and maintain reasonably safe premises.

23. As a direct or proximate consequence of Defendant's negligent hiring, training and/or supervision as described above, the Plaintiff was caused to suffer serious and permanent injuries as outlined in Paragraph 16 of COUNT I.

24. The Plaintiff alleges that the negligent or wanton conduct of the Defendant combined and concurred to proximately cause the Plaintiff's injuries as set forth herein.

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, and the costs of the proceeding. The Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendant's wrongful acts and which will deter and/or prevent other similar or wrongful acts.

/s/ Robert E. LeMoine
Robert E. LeMoine (asb-7702-b55l)
Attorney for the Plaintiff
Turnbull Law Firm, PC
2 20th Street North, Suite 1600
Birmingham, Alabama 35205
P (205) 328-2200
F (205) 848-6300
E-Mail: blemoine@turnbullfirm.com

**TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Walmart Inc.
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104